WILLIAM A. GORDON v. CITY OF OMAHA.

FILED APRIL 7, 1904. No. 13,387.

1. **Cities: ACTION.** A public officer who has by mandamus compelled the payment of the principal of his salary, can not afterwards maintain an action at law against the municipality out of whose funds such salary is payable to recover interest thereon.

2. ———: **DAMAGES.** Damages are not recoverable against a metropolitan city of Nebraska because of delay or neglect of its mayor and council in the performance of a ministerial duty.

ERROR to the district court for Douglas county: WILLARD W. SLABAUGH, JUDGE. *Affirmed.*

*J. W. Eller,* for plaintiff in error.

*C. C. Wright* and *W. H. Herdman,* contra.

GLANVILLE, C.

This case was tried in district court upon appeal from the action of the city council of the city of Omaha in disallowing a claim filed by the plaintiff in error, as assignee of Samuel I. Gordon, against such city for certain amounts of interest claimed to be due because of delay in the payment of the salary of his assignor as police judge of that city. Payment of the principal of such salary was secured by plaintiff's assignor by means of writs of mandamus

issued to the mayor and council of said city, in which they were required as ministerial officers to perform the acts necessary to the payment of such salary. The writs were sought and issued requiring the payment of a specific amount, being the principal only of such salary, and no mention of interest thereon was made in those actions. We are fully satisfied that the plaintiff's assignor could not split his cause of action and secure the payment of the principal in one form of action, and afterwards, by himself or his assignee, resort to another form to secure the payment of interest. Again, we are satisfied that a municipal corporation is not responsible in damages to one injured by the failure of its officers to perform a ministerial duty expressly placed upon such officers by law. To allow the plaintiff's action for interest for the time of the delay in the payment of his salary, would be to give him damages against the city because of the failure of its public officers to perform an act enjoined by law upon them, stipulated in this case to have been a ministerial duty. Such damages, if recoverable at all, can only be recovered from such officers and their sureties upon their official bonds.

The judgment of the trial court upon the pleadings and stipulated facts, wherein it dismissed plaintiff's action, is right and should be affirmed. We therefore recommend that it be affirmed.

FAWCETT and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.